NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE D. WHEELER,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant.<br>_____/ | No. C 07-4990 JF (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a federal prisoner proceeding pro se, has filed an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, seeking records from the Federal Bureau of Investigation ("F.B.I."). On January 16, 2008, Plaintiff's motions to proceed in forma pauperis were granted. Plaintiff was informed that the total filing fee that ultimately would be due would be $350.00. Based on Plaintiff's average monthly balances and deposits, Plaintiff was ordered to file an initial partial filing fee of $270.00 within thirty days of the January 16, 2008 order. Plaintiff has not paid this initial partial filing fee, nor has he proffered any reason for his failure to do so. Accordingly, this action will be dismissed without prejudice to filing a new action in which Plaintiff pays the required filing fee or partial filing fee in a timely manner.

Order of Dismissal
G:\PRO-SE\SJ.Jf\CR.07\Wheeler990disexhfee.wpd

This action must be dismissed for a second reason as well. Plaintiff's request for records has been granted, at least in part, by the federal agency, and to whatever extent her request has not been granted, her claims have not been exhausted. An action to compel the production of documents under FOIA is mooted when the agency in control of the requested documents provides them to the plaintiff. Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir. 1986). In addition, FOIA requires that administrative appeals be exhausted before suit may be brought in federal court. Hymen v. Merit Systems Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986). Failure to do so is grounds for dismissal for lack of subject matter jurisdiction. Id..

Plaintiff attaches to her complaint an October 5, 2006 letter from the Office of Information and Privacy of the United States Department of Justice addressing her "appeal" of her request for records from the F.B.I.. The letter grants Plaintiff's request for records, and remands the matter back to the F.B.I. to release to Plaintiff the records she seeks. The letter further informs Plaintiff that she may appeal "any future adverse determination made by the FBI." To whatever extent Plaintiff has already received the records she seeks, her FOIA claims are moot. To whatever extent there are additional records the F.B.I. has not given to her, she must exhaust such a claim by appealing such an "adverse determination" to the Department of Justice, as described in the letter attached to her complaint.[1] As any outstanding FOIA claims by Plaintiff are not exhausted, they will be dismissed without prejudice to refiling following exhaustion of all available administrative remedies.

//
//

---

[1] Plaintiff does not specify what particular records she seeks herein, nor does she describe which records have already been given to her.

Order of Dismissal
G:\PRO-SE\SJ.Jf\CR.07\Wheeler990disexhfee.wpd        2

1    For the reasons discussed above, the instant action is DISMISSED without prejudice
2 to refiling following exhaustion of any outstanding FOIA claims, and in an action in which
3 Plaintiff pays all required court filing fees in a timely manner.
4    The Clerk shall close the file and terminate all pending motions.
5    IT IS SO ORDERED.
6 DATED:   3/14/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.Jf\CR.07\Wheeler990disexhfee.wpd        3